Naomi Spector (SBN 222573)
Email: nspector@kamberlaw.com
**KAMBERLAW, LLP**
1501 San Elijo Road South, Ste.104
San Marcos, CA 92078
Phone: 310.400.1053
Fax: 212.202.6364

Counsel for Plaintiff Brittany Sebastian, and the
putative Classes

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRITTANY SEBASTIAN, individually, and on behalf of others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ONE BRANDS LLC, a Delaware Limited Liability Company, and THE HERSHEY COMPANY, a Delaware Corporation,**<br><br>**Defendants.** | CASE NO. '20 CV0009 L   MDD<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1.  UNFAIR AND UNLAWFUL BUSINESS ACTS AND PRACTICES (CAL. BUS & PROF. CODE §17200 ET SEQ.);**<br>**2.  DECEPTIVE ADVERTISING PRACTICES (CAL. BUS & PROF. CODE §§ 17500, ET SEQ.);**<br>**3.  CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750, ET SEQ.);**<br>**4.  BREACH OF EXPRESS WARRANTY; AND**<br>**5.  QUASI-CONTRACT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brittany Sebastian on behalf of herself and others similarly situated, by and through her undersigned counsel, hereby files this Class Action Complaint against Defendants One Brands, LLC and The Hershey Company (collectively "Defendants") and states as follows:

---

**CLASS ACTION COMPLAINT**

## NATURE OF THE ACTION

1.     This case arises out of Defendants' unlawful merchandising practices with respect to its ONE protein bars, which are sold in a variety of flavors (collectively, the "Product" or "Products").  Defendants market, advertise and label the Products as containing only 1 gram of sugar and 5 milligrams of cholesterol and as having 9 grams of dietary fiber (collectively, the "Representations").  These uniform, material Representations are false and misleading because the Products contain substantially more sugar and cholesterol than the listed amounts and virtually no dietary fiber (the "misrepresentations and omissions").

2.     According to independent laboratory testing of the Birthday Cake flavor of the Products, for example, the Products contain on average 40% more sugar, 96% more cholesterol, and 96% less dietary fiber than the amounts represented on the Product labels.

3.     Due to the overage in sugar, the Product brand name "ONE" is also false and misleading, including because it is coupled with the statement on the Primary Display Panel ("PDP"), *i.e.* the front panel of the Products, that the Products contain just "1G SUGAR."

4.     Reasonable consumers purchased the Products believing, among other things, that they were accurately represented, including because the Product packaging contained accurate label information.  Reasonable consumers would not have purchased the Products if they had known about the misrepresentations and omissions, or would have purchased them on different terms.

5.     Plaintiff brings this action individually and on behalf of those similarly situated and seeks to represent a National Class and California Subclass (defined *infra*.).  Plaintiff seeks damages, interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and disgorgement of all benefits Defendants have enjoyed from their unlawful and/or deceptive business practices, as detailed herein.  In addition, Plaintiff seeks injunctive relief to stop Defendants' unlawful conduct in the

**CLASS ACTION COMPLAINT**

labeling and marketing of the Products. Plaintiff makes these allegations based on her personal knowledge as to herself and her own acts and observations and, otherwise, on information and belief based on investigation of counsel.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed classes; (2) members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

7.    This Court has personal jurisdiction over Defendants because Defendants' contacts with the forum are continuous and substantial, and Defendants intentionally availed themselves of the markets within California through their sales of the Products to California consumers.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants engage in continuous and systematic business activities within the State of California. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District. *See also* Declaration of Brittany Sebastian Regarding Venue Pursuant to Cal. Civ. Code § 1780(d), attached hereto as Exhibit A.

## PARTIES

9.    Plaintiff Brittany Sebastian is a resident of San Diego, California, who purchased the Products during the class period, as described herein. Plaintiff's claim is typical of all Class members in this regard. In addition, the advertising and labeling on the package of the Products purchased by Plaintiff, including the Representations, is typical of the advertising and labeling of the Products purchased by members of the Classes.

**CLASS ACTION COMPLAINT**

10.     Defendant One Brands LLC is a Delaware Limited Liability Company, with principal offices at 5400 West W T Harris Blvd., Suite L, Charlotte, N.C. 28269-2500.

11.     Defendant The Hershey Company is a Delaware Corporation, with principal offices at 100 Crystal A Drive, Hershey, PA 17033 (collectively with Defendant One Brands LLC, the "Defendants").

12.     In or around the fourth quarter of 2019, Defendant The Hershey Company acquired Defendant One Brands LLC.  On information and belief, The Hershey Company is the parent company of One Brands LLC and exercises control of One Brands LLC and/or One Brands LLC is an agent of The Hershey Company.

13.     Defendants and their agents promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district.  The unfair, unlawful, deceptive, and misleading advertising and labeling of the Products was prepared and/or approved by Defendants and their agents, and was disseminated by Defendants and their agents through labeling and advertising containing the misrepresentations and omissions alleged herein.

## FACTUAL ALLEGATIONS

### A.     Defendants Manufacture, Label and Advertise the Products

14.     Defendants manufacture, label, market, promote, advertise, and sell ONE protein bar Products.

15.     Defendants market and label the Products with the Representations as described herein.  The following images depict the Birthday Cake flavor of the Products and the uniform, material Representations made on the Product labels, as well as an enlarged excerpt of the Nutrition Facts panel from the label:

**CLASS ACTION COMPLAINT**

16.



 

17.    Among other things, Defendants prominently feature the "ONE" brand name on the PDP of the Products coupled with the statement that the Products contain just "1G SUGAR".

18.    In addition, on the Nutrition Facts panel, Defendants make the false and misleading factual representations that a 1 bar serving contains 1g Total Sugars, 5mg Cholesterol, and 9g Dietary Fiber.

**B.    Independent Testing Shows the Products Contain More Sugar and Cholesterol and Less Fiber than Represented on the Product Labels**

19.    According to independent laboratory testing, the Products contain more sugar and cholesterol and less dietary fiber than represented on the Product labels.

**CLASS ACTION COMPLAINT**

20.    ***Sugar***.  According to the World Health Organization, "[c]onsuming free sugars increases the risk of dental caries (tooth decay). Excess calories from foods and drinks high in free sugars also contribute to unhealthy weight gain, which can lead to overweight and obesity. Recent evidence also shows that free sugars influence blood pressure and serum lipids, and suggests that a reduction in free sugars intake reduces risk factors for cardiovascular diseases."

21.    Contrary to the Representations and statements on the PDP and the Nutrition Facts that the Products contain just one gram of sugar, the Birthday Cake flavor of the Products on average contain 1.4 grams of sugar, or 40% more than the listed amount.

22.    ***Cholesterol***.  According to the Mayo Clinic, "high levels of cholesterol can increase your risk of heart disease.  With high cholesterol, you can develop fatty deposits in your blood vessels. Eventually, these deposits grow, making it difficult for enough blood to flow through your arteries. Sometimes, those deposits can break suddenly and form a clot that causes a heart attack or stroke."

23.    Contrary to the Representation that the Products contain 5 milligrams of cholesterol, the Birthday Cake flavor of the Products contain on average 9.8 milligrams of cholesterol, or approximately 96% more than the listed amount.

24.    ***Fiber***. According to the Mayo Clinic, foods containing fiber can help to maintain a healthy weight and lower the risk of diabetes, heart disease and some types of cancer.  Among other things, fiber can: (i) help lower cholesterol levels by lowering bad cholesterol levels; (ii) control blood sugar by slowing the absorption of sugar and helping to improve blood sugar levels; and (iii) aid in achieving a healthy weight because foods high in fiber tend to be more filling and energy dense, meaning they have fewer calories in the same volume of food.

25.    Contrary to the Representation that the Products contain 9 grams of dietary fiber, the Birthday Cake flavor of the Products contain on average only .36 grams of dietary fiber, or 96% less than the listed amount.

**CLASS ACTION COMPLAINT**

26.    Additional lab results conducted by a third-party further confirm that the Products contain more sugar and cholesterol than the represented amounts.

27.    In January 2017, an independent company that tests supplements to "find out whether products have what they claim" purchased the Products at retail and conducted 64 analytical tests of the Birthday Cake flavor of the Products by "send[ing] a sample of each product to an FDA-registered laboratory for a detailed chemical analysis, which includes measurements of active ingredients and potential contaminants." The company determined that the Birthday Cake flavor of the Products contained substantially more sugar and cholesterol than the listed amounts. The company does not appear to have tested the Products for dietary fiber.

**C.    Defendants Violate Identical Federal and State Regulations**

28.    The FDA oversees the regulation and labeling of food pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA").

29.    California's Sherman Food, Drug and Cosmetic Law, Cal. Heath & Saf. Code § 110765 *et seq.* (the "Sherman Law"), incorporates all food labeling regulations promulgated by the FDA under the FDCA. *See e.g.*, Cal. Heath & Saf. Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state."), § 110380 and § 110505.

***Regulations Governing Labeling of the Products***

30.    21 U.S.C. § 343 addresses misbranded food and states that a "food shall be deemed to be misbranded – (a) If (1) its labeling is false or misleading in any particular, or (2) in the case of a food to which section 350 of this title applies, its advertising is false or misleading in a material respect or its labeling is in violation of section 350(b)(2) of this title." *See* 21 U.S.C. § 343(a).

31.    Pursuant to the FDCA "a food with a label declaration of calories, total sugars, added sugars . . . total fat . . . cholesterol, or sodium shall be deemed to be misbranded under section 403(a) of the act if the nutrient content of the composite is

1  greater than 20 percent in excess of the value for that nutrient declared on the label."

2  21 C.F.R. § 101.9(g)(5).

3       32.    In addition, "[a] food with a label declaration of a vitamin, mineral,

4  protein, total carbohydrate, dietary fiber, soluble fiber, insoluble fiber, polyunsaturated

5  or monounsaturated fat shall be deemed to be misbranded under section 403(a) of the

6  Federal Food, Drug, and Cosmetic Act (the act) unless it meets the following

7  requirements: (i) When a vitamin, mineral, protein, or dietary fiber meets the definition

8  of a Class I nutrient, the nutrient content of the composite must be formulated to be at

9  least equal to the value for that nutrient declared on the label.  (ii) When a vitamin,

10  mineral, protein, total carbohydrate, polyunsaturated or monounsaturated fat, or dietary

11  fiber meets the definition of a Class II nutrient, the nutrient content of the composite

12  must be at least equal to 80 percent of the value for that nutrient declared on the label."

13  *See* 21 C.F.R. § 101.9(g)(4).

14       33.    Class I nutrients are "[a]dded nutrients in fortified or fabricated foods"

15  and Class II nutrients are "[n]aturally occurring (indigenous) nutrients.  When a

16  nutrient is naturally occurring (indigenous) in a food or an ingredient that is added to a

17  food, the total amount of such nutrient in the final food product is subject to class II

18  requirements, except that when an exogenous source of the nutrient is also added to the

19  final food product, the total amount of the nutrient in the final food product

20  (indigenous and exogenous) is subject to class I requirements."  21 C.F.R. §

21  101.9(g)(3).

22       34.    21 C.F.R. § 101.9(c)(3)(ii) defines sugar labeling requirements as follows:

23  "A statement of the number of grams of sugar in a serving, except that the label

24  declaration of sugars content is not required for products that contain less than 1 gram

25  of sugar in a serving if no claims are made about sweeteners, sugars, or sugar alcohol

26  content."

27

28

35.    21 C.F.R. § 101.9(c)(3) defines cholesterol labeling requirements as follows:  "[a] statement of the cholesterol content in a serving expressed in milligrams to the nearest 5-milligram increment . . . ."

36.    In addition, the FDCA requires that the amount of "dietary fiber in a serving" be "expressed to the nearest gram" unless the product contains less than one gram of dietary fiber.  *See* 21 C.F.R. § 101.9(c)(6)(i).

37.    Furthermore, the FDA defines the types of dietary fiber, *e.g.* "isolated or synthetic non-digestible carbohydrates (with 3 or more monomeric units)" "determined by FDA to have physiological effects that are beneficial to human health."  *Id.*

38.    In addition, the FDA requires that a "manufacturer must make and keep records in accordance with paragraphs (g)(10) and (11) of this section to verify the declared amount of dietary fiber in the label and labeling of food when a mixture of dietary fiber, and added nondigestible carbohydrate(s) that does not meet the definition of dietary fiber, is present in the food."  *See* 21 C.F.R. § 101.10.

39.    Furthermore, a manufacturer must make and keep "records of all relevant scientific data and information relied upon by the manufacturer that demonstrates the amount of added sugars in the food after non-enzymatic browning and/or fermentation" including a narrative explanation, and make and keep records of the amount of sugars added to the food before and during the processing of the food. *Id.*

40.    Failure to keep the records as required by paragraph (g)(11) "would result in the food being misbranded under section 403(a)(1) of the act."  *See* 21 C.F.R. § 101.11.

41.    Section 343(r) discusses express and implied nutrient claims.

42.    An express nutrient content claim is defined as a direct statement about the level or range of a nutrient in a food, such as "100 calories."  *See* 21 C.F.R. § 101.13.  An express nutrient content claim may only be included if it "does not in any way implicitly characterize the level of the nutrient in the food and is not false or misleading in any respect."  21 C.F.R. § 101.13(i)(3).

9

**CLASS ACTION COMPLAINT**

43.     An implied nutrient content claim describes food or an ingredient in a manner that suggests that a nutrient is absent or present in a certain amount, such as "high in fiber." 21 C.F.R. § 101.13(b). The section prohibits the use of terms such as "free" or "low," which characterize the level or range of a nutrient in food, unless they confirm to certain established definitions. *Id.*

### ***The Products Are Misbranded Under the Regulations***

44.     ***Sugar***. As described herein, the Products are misbranded under the FDCA and Sherman Law in that the amount of sugar contained in the Products is more than 20% greater than the value declared on the Product labels.

45.     In addition, the express nutrient claims that the Products contain just one gram of sugar are false and misleading due to the overage in sugar.

46.     Furthermore, the implied nutrient claims that the Products are low in sugar, including by use of the brand name "ONE" coupled with the statement that the Products contain "1G SUGAR" on the PDP, are false and misleading due to the overage in sugar.

47.     ***Cholesterol***. *As* described herein, the Products are misbranded under the FDCA and Sherman Law in that the amount of cholesterol contained in the Products is more than 20% greater than the value declared on the Product labels.

48.     In addition, the express nutrient claim that the Products contain just five milligrams of cholesterol are false and misleading due to the overage in cholesterol.

49.     ***Dietary Fiber***. *As* described herein, the Products are misbranded under the FDCA and Sherman Law in that the label declaration of dietary fiber does not meet the Class I nutrient requirement because it is not at least equal to the value of the dietary fiber declared on the Product label.

50.     In addition, or in the alternative, the Products are misbranded under the FDCA and Sherman Law in that the label declaration of dietary fiber does not meet the Class II nutrient requirement because the nutrient content is not at least equal to 80 percent of the value of dietary fiber declared on the label.

**CLASS ACTION COMPLAINT**

51.     In addition, the express nutrient claim that the Product contains 9 grams of dietary fiber is false and misleading because the Products contain less dietary fiber than the represented amount.

52.     The overages and underage described herein are unreasonable and are not acceptable within current good manufacturing practice.

53.     In addition, on information and belief, the Products are misbranded because Defendants have not complied with the record-keeping requirements set forth in 21 C.F.R. § 101.9(g), including as they relate to substantiation of declared amounts of nutrients.

54.     To be clear, Plaintiff does not allege any claims pursuant to the FDCA and Sherman Law and relies on these regulations only to the extent they provide a predicate basis for liability under state and common law, as set forth herein.

**D.     Plaintiff and Consumers Purchased the Products to Their Detriment**

55.     Based on Defendants' uniform material misrepresentations and omissions, Plaintiff and consumers purchased the Products to their detriment.

56.     Plaintiff Brittany Sebastian purchased the ONE Products multiple times during the class period, including from a Trader Joes store located in Encinitas, California on November 23, 2018.  Plaintiff purchased the Products for personal and family use.

57.     Defendants labeled and sold the Products with the Representations, which are false and misleading.

58.     Defendants knew or should have known that reasonable consumers would consider the Representations material in deciding to purchase the Products. Accordingly, Defendants' Representations are false, misleading and reasonably likely to mislead reasonable consumers.

59.     Defendants made the material misrepresentations and omissions with the intent to defraud consumers in that, among other things, consumers would be less

**CLASS ACTION COMPLAINT**

1   likely to purchase the Products if they knew the truth, *e.g.*, that the Representations

2   were false and/or misleading.

3         60.    Plaintiff relied on the Product labels and Defendants' Representations in

4   making the decision to purchase the Products.

5         61.    At the time Plaintiff purchased the Products, Plaintiff did not know, and

6   had no reason to know, that the Representations were misleading, deceptive and

7   unlawful.  Plaintiff would not have purchased the Products, or would have purchased

8   them on different terms, if she had known the truth.

9         62.    It is possible, however, that Plaintiff would purchase the Products in the

10  future if the Representations were truthful.

11                    **CLASS DEFINITION AND CLASS ALLEGATIONS**

12        63.    Plaintiff brings this action as a class action pursuant to Federal Rules of

13  Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself, on behalf of all others

14  similarly situated, and as a member the Classes defined as follows (collectively, the

15  "Class"):

16              All citizens of the United States who, within the relevant statute
                of limitations periods, purchased Defendants' Products
17              ("Nationwide Class");

18              All citizens of California who, within four years prior to the
                filing of the initial Complaint, purchased Defendants' Products
19              ("California Subclass").

20

21        64.    Excluded from the Class are: (i) Defendants, their assigns, successors, and

22  legal representatives; (ii) any entities in which Defendants have controlling interest;

23  (iii) federal, state, and/or local governments, including, but not limited to, their

24  departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or

25  subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a

26  bankruptcy discharge in the last three years; and (v) any judicial officer presiding over

27  this matter and person within the third degree of consanguinity to such judicial officer.

28        65.    Plaintiff reserves the right to amend or otherwise alter the class definition

**CLASS ACTION COMPLAINT**

presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

66.     This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

67.     **Numerosity**:  Members of the Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the Nationwide Class consists of hundreds of thousands of purchasers dispersed throughout the United States, and the California Subclass likewise consists of hundreds of thousands of purchasers throughout the State of California.  Accordingly, it would be impracticable to join all members of the Class before the Court.

68.     **Common Questions Predominate:**  There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues.  Included within the common questions of law or fact are:

- Whether the Product Representations and omissions are, or any single Representation or omission is, false, misleading and/or deceptive;
- Whether Defendants engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;
- Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*; Cal. Bus. & Prof. Code § 17500, *et seq.*; and/or the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;
- Whether Defendants committed a breach of express warranty;
- Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;
- Whether Plaintiff and the Class have sustained damage as a result of Defendants' unlawful conduct;
- The proper measure of damages sustained by Plaintiff and the Class; and

**CLASS ACTION COMPLAINT**

- Whether Defendants were unjustly enriched by their unlawful practices.

69. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent because Plaintiff, like the Class members, purchased Defendants' misbranded Products. Defendants' unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendants' conduct. Plaintiff's and Class Member's claims arise from the same practices and course of conduct and are based on the same legal theories.

70. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

71. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b. Absent a Class, the members of the Class will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoy their ill-gotten gains;

**CLASS ACTION COMPLAINT**

c.  Given the size of individual Class members' claims, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendants committed against them, and absent members have no substantial interest in individually controlling the prosecution of individual actions;

d.  When the liability of Defendants have been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendants.

72.  Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

73.  The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

74.  The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are also met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

75.  Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CLASS ACTION COMPLAINT**

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unfair and Unlawful Business Acts and Practices**
**(Business and Professions Code § 17200, *et seq*.)**
**(*for the California Subclass*)**

76.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

77.    Defendants' conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code §§ 17200, *et seq*. (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

78.    Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

79.    Defendants' knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

80.    Defendants' conduct was and continues to be unfair and fraudulent because, directly or through its agents and employees, Defendants made uniform materially false representations and omissions.

81.    As described herein, Defendants made Representations that the Products contain 1 gram of sugar and 5 milligrams of cholesterol per serving.  Defendants also represented that the Products contain 9 grams of dietary fiber.  These Representations are false and misleading because the Products contain more sugar and cholesterol and less dietary fiber than represented.

82.    Defendants also made materially false representations and omissions by failing to disclose the actual amounts of sugar, cholesterol and dietary fiber in the

16

**CLASS ACTION COMPLAINT**

Products.

83.    Defendants' conduct also constitutes an unfair and unlawful business act and practice because, as alleged herein and on information and belief, Defendants failed to comply with record-keeping requirements, including as they relate to substantiation of declared amounts of nutrients.

84.    Defendants are aware that the representations and omissions they have made about the Products were and continue to be false and misleading.

85.    Defendants had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in their practices related to the labeling and advertising of the Products.

86.    There were reasonable alternatives available to Defendants to further Defendants' legitimate business interests, other than the conduct described herein.

87.    Defendants' misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770 and the laws and regulations cited herein, as well as the common law.

88.    Defendants' conduct in making the Representations and omissions described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors.  This conduct engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

89.    In addition, Defendants' conduct was, and continues to be, unfair in that their injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

90.    Moreover, Plaintiff and members of the California Subclass could not have reasonably avoided such injury.  Defendants' uniform, material misrepresentations and omissions regarding the Products were likely to deceive, and

**CLASS ACTION COMPLAINT**

Defendants knew or should have known that their misrepresentations and omissions were untrue and misleading.  Plaintiff purchased the Products in reliance on the Representations made by Defendants, including that the Product labeling was accurate as alleged herein, and without knowledge of Defendants' misrepresentations and omissions.

91.   Plaintiff and members of the California Subclass have been directly and proximately injured by Defendants' conduct in ways including, but not limited to, the monies paid to Defendants for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and California Subclass members.

92.   As a result of the business acts and practices described above, Plaintiff and members of the California Subclass, pursuant to § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendants and such other Orders and judgments that may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendants.

93.   Pursuant to Civil Code § 3287(a), Plaintiff and the California Subclass are further entitled to pre-judgment interest as a direct and proximate result of Defendants' unfair and fraudulent business conduct.  The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the California Subclass are entitled to interest in an amount according to proof.

### SECOND CAUSE OF ACTION
**Deceptive Advertising Practices**
**(California Business & Professions Code §§ 17500, *et seq.*)**
**(*for the California Subclass*)**

94.   Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

95.   California Business & Professions Code § 17500 prohibits "unfair,

18

**CLASS ACTION COMPLAINT**

deceptive, untrue or misleading advertising . . . ."

96.    Defendants violated § 17500 when they represented, through their false and misleading Representations and omissions, that Defendants' Products possessed characteristics and value that they did not actually have.  As described herein, Defendants made Representations that the Products contain 1 gram of sugar and 5 milligrams of cholesterol per serving.  Defendants also represented that the Products contain 9 grams of dietary fiber.  These Representations are false and misleading because the Products contain more sugar and cholesterol and less dietary fiber than represented.

97.    Defendants' deceptive practices were designed to induce reasonable consumers like Plaintiff to purchase the Products.  Defendants' uniform, material misrepresentations and omissions regarding the Products were likely to deceive, and Defendants knew or should have known that their uniform misrepresentations and omissions were untrue and/or misleading.  Plaintiff purchased the Products in reliance on the Representations made by Defendants, including that the Product labeling was accurate as alleged herein, and without knowledge of Defendants' misrepresentations and omissions.

98.    Plaintiff and members of the California Subclass have been directly and proximately injured by Defendants' conduct in ways including, but not limited to, the monies paid to Defendants for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Subclass members.

99.    The above acts of Defendants were and are likely to deceive reasonable consumers in violation of § 17500.

100.    In making the statements and omissions alleged herein, Defendants knew or should have known that the statements and representations were untrue or misleading, and acted in violation of § 17500.

101.    Defendants continue to engage in unlawful, unfair and deceptive practices

in violation of §17500.

102.   As a direct and proximate result of Defendants' unlawful conduct in violation of § 17500, Plaintiff and members of the California Subclass, pursuant to § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendants, and requiring Defendants to disclose the true nature of their misrepresentations and omissions.

103.   Plaintiff and members of the California Subclass also request an Order requiring Defendants to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising, plus interests and attorneys' fees.

### THIRD CAUSE OF ACTION
### Consumer Legal Remedies Act
### (Cal. Civ. Code § 1750, *et seq.*)
### (*for the California Subclass*)

104.   Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

105.   Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

106.   The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

107.   The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

108.   Defendants are a "person," as defined by the CLRA in California Civil Code §1761(c).

109.   Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

110.   Purchase of the Products by Plaintiff and members of the California

Subclass are "transactions," as defined by the CLRA in California Civil Code §1761(e).

111.    Defendants violated Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" in that the Products are falsely and misleadingly labeled and represented, as described herein.

112.    Similarly, Defendants violated section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by making the Representations and omissions concerning the amount of sugar, cholesterol and dietary fiber in the Products.

113.    In addition, Defendants violated section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are misrepresented and misbranded as described herein.

114.    Defendants' uniform, material, misrepresentations and omissions regarding the Products were likely to deceive, and Defendants knew or should have known that their misrepresentations and omissions were untrue and misleading.

115.    Plaintiff and members of the California Subclass could not have reasonably avoided injury.  Plaintiff and members of the California Subclass were unaware of the existence of facts that Defendants suppressed and failed to disclose and Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

116.    Plaintiff and members of the California Subclass have been directly and proximately injured by Defendants' conduct.  Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at the prices at which they were offered.

117.    Given that Defendants' conduct violated § 1770(a)(5), Plaintiff and members of the California Subclass are entitled to seek and seek injunctive relief to put an end to Defendants' violations of the CLRA.

**CLASS ACTION COMPLAINT**

118.    Moreover, Defendants' conduct is malicious, fraudulent, and wanton in that Defendants intentionally misled and withheld material information from consumers to increase the sale of the Products.

119.    Pursuant to California Civil Code § 1782(a), on November 26, 2018, Plaintiff on her own behalf, and on behalf of members of the California Subclass, notified Defendants of the alleged violations of the Consumer Legal Remedies Act by letter setting forth Plaintiff's claims.  Despite giving Defendants far more than 30-days from the date of the notification letter to provide appropriate relief for violations of the CLRA, Defendants have failed to provide any such relief.  As such, Plaintiff also seeks compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and requests that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as is provided in California Civil Code § 1780 and in the Prayer for Relief.

120.    Plaintiff further requests that the Court enjoin Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2).

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty
#### (for the Nationwide Class and California Subclass)

121.    Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

122.    By advertising and selling the Products at issue, Defendants made promises and affirmations of fact on the Products' packaging and labeling, as described herein.  This labeling and advertising constitutes express warranties and became part of the basis of the bargain between Plaintiff and members of the Class, and Defendants.

123.    Defendants, through their advertising and labeling, created express warranties that the Products comport with the Representations.  Specifically,

**CLASS ACTION COMPLAINT**

Defendants created express warranties that the Products contain the represented amount of sugar, cholesterol, and dietary fiber.

124.   The express warranties appear on all Product labels and specifically relate to the goods being sold.

125.   Despite Defendants' express warranties about the nature of the Products, the Products do not comply with the Representations.  Thus, the Products were and are not what Defendants represented them to be.

126.   Accordingly, Defendants breached express warranties about the Products and their qualities because the Products do not conform to Defendants' affirmations and promises.

127.   Plaintiff provided Defendants with pre-suit notice of the breach of warranty, including by letter dated November 26, 2018.

128.   Plaintiff and members of the Class purchased the Products.

129.   As a direct and proximate result of Defendants' breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products.  Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
## QUASI-CONTRACT
### (*for the Nationwide Class and California Subclass*)

130.   Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

131.   By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendants in the form of the purchase price of the Products.

132.   Defendants had knowledge of such benefits.

**CLASS ACTION COMPLAINT**

133.   Defendants appreciated the benefit because, were consumers not to purchase the Products, Defendants would not generate revenue from the sales of the Products.

134.   Defendants' acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants' fraudulent and misleading Representations and omissions and unlawful conduct.

135.   Equity cannot in good conscience permit Defendants to be economically enriched for such actions at the expense of Plaintiff and members of the Class, and therefore restitution and/or disgorgement of such economic enrichment is required

## **PRAYER**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

A.   For an order certifying the Nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the nationwide Class and California Subclass; and naming Plaintiff's attorneys as Class Counsel to represent the Class and California Subclass;

B.   For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

C.   For an order awarding, as appropriate, compensatory and monetary damages, restitution or disgorgement to Plaintiff and the Class for all causes of action;

D.   For an order requiring Defendants to immediately cease and desist from selling their misbranded Products in violation of law; enjoining Defendants from continuing to label, market, advertise, distribute, and sell the Products in the unlawful manner described herein; and ordering Defendants to engage in corrective action;

E.   For an order awarding attorneys' fees and costs;

F.   For an order awarding punitive damages;

G.   For an order awarding pre-and post-judgment interest; and

H.   For such other and further relief as the Court deems just and proper.

**CLASS ACTION COMPLAINT**

DATED:  January 2, 2020                    **KAMBERLAW, LLP**

                                           By:  /s/ Naomi B. Spector
                                                Naomi B. Spector, Esq.

                                           *Attorneys for Plaintiff and the putative Classes*

**CLASS ACTION COMPLAINT**