UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY SEBASTIAN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE BRANDS LLC,<br><br>Defendant. | Case No.: 3:20-CV-00009-L-MDD<br><br>**CLASS ACTION**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

In this putative class action alleging deceptive food labeling, Defendant ONE Brands LLC filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposed, and Defendant replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, Defendant's motion is denied.

**I.   BACKGROUND**

Plaintiff Brittany Sebastian, a consumer who purchased Defendant's ONE protein bars ("Products") multiple times, brought this putative class action alleging that the product label was misleading to consumers because it falsely claimed the Products contained 1 gram of sugar, 5 milligrams of cholesterol, and 9 grams of dietary fiber. (Compl. (doc. no. 1) ¶ 1). According to the complaint, independent laboratory testing determined the Products

contain on average more sugar and cholesterol, and less dietary fiber than represented on the labels. (*See id.* ¶ 2). Furthermore, Plaintiff contends the Product brand name "ONE," coupled with the statement on the front of the package that the Products contain just "1g sugar" is independently misleading to consumers. (*See id.* ¶ 3).

The complaint alleges violations of California Unfair Competition Law ("UCL"), California False Advertising Law ("FAL"), and California Consumer Legal Remedies Act ("CLRA"), as well as breach of express warranty and quasi-contract. Plaintiff filed this action in this court on January 2, 2020. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d). Defendant filed the pending motion to dismiss all claims and provided supplemental authority in support thereof.

## II. DISCUSSION

In part Defendant contends this action should be dismissed for lack of Article III standing. A motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of the Court. Fed. R. Civ. P. 12(b)(1); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).[1] "Each element of standing must be supported with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 1068. For purposes of ruling on a motion to dismiss for want of standing, the court must accept as true all material allegations of the complaint and construe it in plaintiff's favor. *Id.* "[A] nonfrivolous allegation of jurisdiction generally suffices to establish jurisdiction upon initiation of a case." *Perry v. Merit Systems Protection Bd.*, 137 S. Ct. 1975, 1984 (2017). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035,

---

[1] Unless otherwise noted internal quotation marks, ellipses, brackets, citations and footnotes are omitted from all citations.

1041 (9th Cir. 2010). Further, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed, however, where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

### A. <u>Standing</u>

Defendant argues Plaintiff lacks constitutional and statutory standing. (Doc. no. 9 at 18-22). To satisfy the constitutional Article III requirement, a plaintiff must adequately allege (1) an injury in fact, (2) causation, and (3) redressability. *Maya*, 658 F.3d at 1067. Notably, "the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits." *Id.* at 1068. To stablish standing for purposes of the UCL, a plaintiff must also allege she suffered an economic injury and that the injury was caused by the unfair business practice. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-323 (2011). At the pleading stage, general factual allegations of injury in fact or economic injury suffice. *See Maya*, 658 F.3d at 1068; *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.4 (9th Cir. 2013).

Defendant contends Plaintiff fails to sufficiently allege reliance, injury in fact, and economic harm. (Doc. no. 9 at 18-22). The Court disagrees. First, Plaintiff alleges that she "relied on the Product labels and [Defendant's] Representations in making the decision to purchase the Products." (Compl. ¶ 60). Second, Plaintiff alleges she "purchased the Products to [her] detriment" (Compl. ¶ 55) and that she has "been directly and proximately injured by [Defendant's] conduct in ways including monies paid to [Defendant] for the Products." (Compl. ¶ 91). Because Plaintiff adequately alleges economic loss, she also sufficiently alleges injury in fact for purposes of Article III and UCL standing. *See Maya* 658 F.3d at 1069 ("Allegedly, plaintiffs spent money that, absent defendants' actions, they would not have spent. This is a quintessential injury-in-fact"); *Kwikset*, 51 Cal. 4th at 323 ("Notably, lost money or property—economic injury—is itself a classic form of injury in fact.").

More specifically, Defendant also argues that "because Plaintiff does not allege that she purchased a Birthday Cake ONE Bar, she has not plausibly pled that she was deceived." (Doc. no. 9 at 21). This assertion relies on the premise that Plaintiff's claims are limited to the Birthday Cake Flavor of the Product, the subject of the independent laboratory testing referenced in the complaint. (*See* Compl. ¶¶ 2, 21, 23, 25, 27). Plaintiff expressly alleges, however, that the misrepresentations are "uniform" and therefore apply to all Products. (*See* Compl. ¶ 1). Thus, Plaintiff has sufficiently alleged constitutional and statutory standing.

**B.    Federal Preemption**

Next, Defendant argues that Plaintiff cannot state any of her state law claims because they are preempted by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, ("FDCA"). For the reasons stated below, the argument is rejected.

All of Plaintiff's claims are based on two theories of liability. First, Plaintiff claims the Product's nutrition panel falsely represents that the Product contains 1 gram of sugar, 5 milligrams of cholesterol and 9 grams of dietary fiber. (Compl. ¶ 18). Plaintiff alleges the Products contain substantially more sugar and cholesterol and "virtually no dietary

fiber." (*Id.* ¶ 3). Second, Plaintiff claims the Products were mislabeled because the front label of the Product displays the brand name "ONE" with the statement "1g sugar." (*Id.* ¶ 17). Defendant moves to dismiss all claims as preempted by federal law, arguing that Plaintiff fails to allege Defendant's representations are contrary to the requirements imposed by the FDCA. (Doc. no. 9 at 15-18).

The FDCA, as amended by the Nutrition, Labeling and Education Act ("NLEA"), expressly preempts any state law requirement that is "not identical" to the NLEA's labeling requirements. 21 U.S.C. § 343-1(a)(5). "The phrase 'not identical to' means that 'the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food that are not imposed by or contained in the applicable federal regulation or differ from those specifically imposed by or contained in the applicable federal regulation.'" *Lilly v. ConAgra Foods*, 743 F.3d 662, 664-65 (9th Cir. 2014) (quoting 21 C.F.R. § 100.1(c)(4)). Accordingly, whether Plaintiff's claims are preempted "turns on whether the challenged statements are authorized by the FDA's regulations." *Reid v. Johnson & Johnson,* 780 F.3d 952, 959 (9th Cir. 2015).

Plaintiff relies upon independent laboratory testing that allegedly proves Defendant's representations false. (*See* Compl. ¶¶ 19-27). Defendant counters that Plaintiff's claims are preempted because she fails to allege that the independent laboratory testing was conducted pursuant to FDA-prescribed methodology. (Doc. no. 9 at 16). The relevant FDA regulations fall into two categories: (1) mandatory nutrient content disclosures within the nutrition panel, *see* 21 C.F.R. § 101.9, and (2) voluntary nutrient content claims separate from the nutrition panel, *see* 21 C.F.R. § 101.13(b). The prescribed testing methodology applies to both categories. *See* 21 C.F.R. §§ 101.9(g)(2), 101.13(o). In calculating the amount of each nutrient in a single serving, the FDA requires testing be conducted as follows:

> The sample for nutrient analysis shall consist of a composite of 12 subsamples (consumer units), taken 1 from each of 12 different randomly chosen shipping cases, to be representative of a lot. Unless a particular method of analysis is specified in paragraph (c) of this section, composites shall be analyzed by

>appropriate methods as given in the "Official Methods of Analysis of the AOAC International," or, if no AOAC method is available or appropriate, by other reliable and appropriate analytical procedures.

21 C.F.R. § 101.9(g)(2).

Plaintiff does not specify whether the independent laboratory tests followed the FDA's 12-sample testing methodology. (*See, e.g.,* Compl. ¶¶ 2, 19, 21, 23, 25, 26-27). The Court is aware of no binding authority requiring a plaintiff to allege in the complaint that he or she had conducted testing in accordance with FDA regulations. "Plaintiffs are generally not expected to provide evidence in support of their claims at the pleading stage." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018). Accordingly, for purposes of pleading, Defendant's preemption argument is rejected.

### C. Sufficient Particularity

Defendant next argues Plaintiff's deceit claims[2] fail to meet the heightened pleading standard under Rule 9(b). (Doc. no. 9 at 20-22). Claims "grounded in fraud ... must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In alleging deceit, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106. Therefore, a complaint must include "the who, what, when, where, and how of the misconduct charged." *Id*. Accordingly, Rule 9(b) applies to the extent Plaintiff's deceit claims are based on fraudulent conduct, deception or misrepresentation. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

Defendant maintains Plaintiff fails to satisfy Rule 9(b) because she does not specify the flavor or variety of the Product she purchased on November 23, 2018, or which

---

[2] "Deceit claims" refers collectively to Plaintiff's First, Second, Third and Fifth causes of action based on the UCL, FAL, CLRA, and quasi-contract. *See* doc. no. 9 at 21.

statements Plaintiff saw on the particular Product she purchased. (Doc. no. 9 at 20). Contrary to Defendant's assertions, Plaintiff's allegations sufficiently identify the circumstances constituting fraud to provide Defendant notice of its role. *See United States v. United Healthcare Ins. Co*., 848 F. 3d 1161, 1167 (9th Cir. 2016). The complaint is not limited to any specific flavor of Defendant's Products. It maintains that the material misrepresentations are "uniform." (Compl. ¶ 1). The Product flavor Plaintiff purchased is therefore not relevant at the pleading stage. Further, Plaintiff alleges she relied on the sugar, cholesterol and fiber representations on the package. (*See, e.g.,* Compl. ¶¶ 1-3, 5, 9-13, 15-27, 44-64, 76-135). Plaintiff's deceit claims therefore satisfy the heightened pleading standard of Rule 9(b).

### D. Sufficient Notice

Further, Defendant asserts Plaintiff does not satisfy the CLRA's notice requirement. (Doc. no. 9 at 23). Under California Civil Code § 1782, a plaintiff must "notify the prospective defendant of the alleged violations of the CLRA and demand that such person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation thereof" at least 30 days before filing a claim for damages under the CLRA. *Morgan v. AT&T Wireless Servs., Inc.,* 177 Cal. App. 4th 1235, 1259 (2009). The purpose of the notice requirement is to "give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 41 (1975). Its "clear intent is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." *Id.*

Plaintiff provided a notice letter to Defendant on November 26, 2018. (*See* doc. no. 9-2 at 4-8). Defendant argues the letter did not meet the notice requirement because it does not mention dietary fiber. Accordingly, Defendant asks for dismissal for Plaintiff's CLRA claim for damages related to dietary fiber. (*See* doc. no. 9 at 23).

Although Plaintiff concedes the notice letter did not expressly identify the dietary fiber representations, she argues Defendant received notice in compliance with California

Civil Code § 1782. (Doc. no. 16 at 26). The letter did not present a comprehensive list of alleged misrepresentations and demanded a negotiated resolution. (*See* doc. no. 9-2 at 4-5 ("[A]mong other label misrepresentations, [Defendant] state[s] that the Products contain only 1g of sugar, 210 calories, 7g fat and 5mg cholesterol."). Furthermore, it "precipitated more than a year of settlement discussions." (Doc. no. 16 at 26). Defendant does not contest the veracity of this representation and cites no binding authority mandating dismissal under the circumstances present here. (*See* doc. no. 21 at 9-10). Plaintiff's letter fulfilled the purpose of CLRA's notice requirement to facilitate settlement and provide an opportunity for Defendant to remedy the alleged defects. (*See* doc. no. 9-2 at 4-8; doc. no. 16 at 26.) *See also Outboard Marine Corp.,* 52 Cal. App. 3d at 41. The Court thus rejects Defendant's CLRA notice argument.

### E.     Express Warranty

Defendant also moves to dismiss Plaintiff's warranty claim, arguing that she fails to allege the existence of an express warranty. (Doc. no. 9 at 23-24). In a commercial action, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Cal. Com. Code. § 2313(1)(a). A defendant is liable for express warranties contained in labels or advertising materials upon which the plaintiff relied. *See*, *e.g.*, *Lane v. C.A. Swanson & Sons*, 130 Cal. App. 2d 210, 278 (1955) (express warranty involving chicken that was labeled and advertised as boneless but was sold with bones).

Plaintiff adequately alleges that Defendant, through its advertising and labeling, created express warranties that the Products contain the represented amount of sugar, cholesterol, and dietary fiber. (*See, e.g.,* Compl. ¶¶ 122-126). Defendant's motion to dismiss Plaintiff's breach of express warranty claim is denied.

////

### F.     Quasi-Contract

Plaintiff asserts a quasi-contract claim under the theory of unjust enrichment and seeks restitution.[3] (Compl. ¶¶ 134-135). "A quasi-contract action, in the form of a common count for money had and received, to recover money obtained by fraud (waiver of tort) or mistake, is governed by the fraud statute." *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1670 (1992). To bring an action based on a quasi-contract, a plaintiff must allege "that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

Defendant argues that Plaintiff fails to allege unjust benefit, asserting "Plaintiff obtained the bar that she purchased" and that Plaintiff made "no allegation that [the Product] did not perform as expected or advertised." (Doc. no. 9 at 24). The Court is unpersuaded.

Plaintiff alleges that Defendant received the benefit of the purchase price when she purchased the Products. (*See* Compl. ¶ 131). Defendant's retention of the benefit was inequitable because it was based on Plaintiff's unwitting reliance on Defendant's false representations. Plaintiff would not have made the purchase on the same terms, or at all, had she known the truth. (*See* Compl. ¶¶ 57-61, 131). This is sufficient to allege unjust enrichment based on quasi-contract. *See Astiana*, 783 F.3d 753 (consumer sufficiently stated quasi-contract claim against manufacturer that used word "natural" on its products by alleging manufacturer was unjustly enriched by consumer reliance on false and misleading labeling). The Court denies Defendant's motion to dismiss Plaintiff's quasi-contract claim.

/ / / / /

---

[3] Although Plaintiff is alleging a nationwide class, she does not specify which state laws she is relying on. (*See* Compl. ¶¶ 131-135). She cites only to California law in her opposition. (*See* doc. no. 16 at 28-29). The Court's analysis of Defendant's argument for purposes of the pending motion is therefore limited to California law.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated:  September 10, 2020

_____
Hon. M. James Lorenz
United States District Judge