Janice P. Brown, Esq. (SBN 114433)
brown@brownlawgroup.com
Suzanne Roten, Esq. (SBN 148533)
roten@brownlawgroup.com
BROWN LAW GROUP
600 B Street, Suite 1650
San Diego, CA 92101
Tel: 619.330.1700
Fax: 619.330.1701

Attorneys for Defendant
*ONE Brands LLC*

[*Additional Counsel Listed on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY SEBASTIAN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE BRANDS LLC and THE HERSHEY COMPANY,<br><br>Defendants. | CASE NO. 3:20-CV-0009-L-MDD<br><br>**DEFENDANT ONE BRANDS LLC'S ANSWER TO PLAINTIFF's COMPLAINT**<br><br>The Honorable M. James Lorenz |

**ANSWER OF DEFENDANT ONE BRANDS LLC**

Pursuant to Rule of Civil Procedure 12, Defendant ONE Brands LLC ("ONE Brands") answers the complaint filed by Plaintiff Brittany Sebastian as follows:

**NATURE OF THE ACTION[1]**

1.  ONE Brands admits that it markets, advertises, and labels ONE Bars and that certain ONE Bars contain 1 gram of sugar, 5 milligrams of cholesterol, and 9

---

[1] For the Court's convenience, ONE Brands repeats the headings from the complaint but does not admit the substance of any of those headings.

grams of dietary fiber.  ONE Brands denies that these representations are false and misleading, that these practices are unlawful, and it denies all other remaining allegations.

2. ONE Brands bars are accurately labeled consistent with FDA regulations. ONE Brands denies these allegations.

3. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, ONE Brands denies these allegations.

4. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, ONE Brands denies these allegations.

5. ONE Brands acknowledges that Plaintiff purports to bring this suit on behalf of a national class and California subclass and that she seeks the listed remedies.  However, this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, ONE Brands denies the allegations in this paragraph.

## JURISDICTION AND VENUE

6. This paragraph contains legal conclusions to which no response is required.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies these allegations.

8. This paragraph contains legal conclusions to which no response is required.

## PARTIES

9. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the first sentence of this paragraph.  ONE Brands denies this allegation on that ground and expressly denies the remaining allegations.

10. Admitted.

11. The Court has dismissed The Hershey Company as a Defendant. No response is required to this paragraph.

12. ONE Brands admits that The Hershey Company completed the acquisition of ONE Brands on September 23, 2019, that it is the sole owner of ONE Brands LLC, and that it is ONE Brands LLC's parent company. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the remaining allegations.

13. ONE Brands admits that it promoted, marketed, and sold ONE Bars in the San Diego area. The remaining allegations constitute legal conclusions to which no response is required. To the extent that a response is required, ONE Brands denies the remaining allegations.

## FACTUAL ALLEGATIONS

### A. Defendants Manufacture, Label and Advertise the Products

14. ONE Brands admits that it manufactures, labels, markets, promotes, advertises, and sells ONE Bars.

15. ONE Brands admits that it markets and labels ONE Bars and that the images in paragraph 16 appear to be of a Birthday Cake flavor ONE Bar package.

16. This paragraph contains images to which no response is required. To the extent that a response is required, ONE Brands admits that the images appear to be of a Birthday Cake flavor ONE Bar package.

17. ONE Brands admits that ONE Bars package feature the ONE Bar brand name and that they contain one gram of sugar.

18. ONE Brands admits that the ONE Bar labeling in paragraph 16 states that the ONE Bar contains 1 gram of sugar, 5 milligrams of cholesterol, and 9 grams of dietary fiber. The remainder of the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the remaining allegations.

### B. Independent Testing Shows the Products Contain More Sugar and Cholesterol and Less Fiber than Represented on the Product Labels

19. Denied.

20. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the World Health Organization's purported statements. In any event, such statements speak for themselves. To the extent a further response is required, ONE Brands denies the allegations in this paragraph.

21. Denied.

22. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the Mayo Clinic's purported statements. In any event, such statements speak for themselves. To the extent a further response is required, ONE Brands denies the allegations in this paragraph.

23. Denied.

24. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the Mayo Clinic's purported statements. In any event, such statements speak for themselves. To the extent a further response is required, ONE Brands denies the allegations in this paragraph.

25. Denied.

26. Denied.

27. Denied.

### C. Defendants Violate Identical Federal and State Regulations

28. ONE Brands acknowledges that Congress has delegated responsibility to FDA to regulate the labeling of food under the Food, Drug and Cosmetic Act.

29. This paragraph contains legal conclusions to which no response is required. Further, these legal provisions speak for themselves. To the extent a further response is required, ONE Brands denies the allegations in this paragraph.

### *Regulations Governing Labeling of the Products*

30. This paragraph purports to recite the text of a federal statute. That statute speaks for itself. To the extent a further response is required, ONE Brands admits that the statute is quoted accurately in part.

31. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part.

32. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part.

33. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part.

34. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part.

35. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part.

36. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part. ONE Brands denies the remaining allegations.

37. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part.

38. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part. ONE Brands denies the remaining allegations.

39. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part. ONE Brands denies the remaining allegations.

40. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part. ONE Brands denies the remaining allegations.

41. This paragraph purports to summarize federal law, which speaks for itself. No further response is required, and to the extent one is, ONE Brands denies that Plaintiff's characterization is sufficient or accurate and denies the allegations in this paragraph.

42. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part. ONE Brands denies the remaining allegations.

43. This paragraph purports to recite the text of a federal regulation. That regulation speaks for itself. To the extent a further response is required, ONE Brands admits that the regulation is quoted accurately in part. ONE Brands denies the remaining allegations.

### *The Products Are Misbranded Under the Regulations*

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

**D. Plaintiff and Consumers Purchased the Products to Their Detriment**

55. Denied.

56. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies them.

57. ONE Brands admits that it labeled and sold ONE Bars. ONE Brands denies the remaining allegations.

58. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, ONE Brands denies the allegations in this paragraph.

59. Denied.

60. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies them.

61. Denied.

62. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies them.

## CLASS DEFINITION AND CLASS ALLEGATIONS

63. ONE Brands admits that Plaintiff purports to bring this suit as a class action on behalf of the named classes. ONE Brands denies that class certification is appropriate, and denies all remaining or inconsistent allegations.

64. ONE Brands admits that Plaintiff seeks to exclude the named categories of people from her class definitions.

65. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

66. Denied.

67. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies them.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

76. This cross-reference does not require a response. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

77. Denied.

78. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

79. Denied.

80. Denied.

81. ONE Brands admits that certain of its products contain the stated nutrients in this paragraph. It denies the remaining allegations.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## SECOND CAUSE OF ACTION

94. This cross-reference requires no response, and to the extent a response is required, ONE Brands denies the allegations in this paragraph.

95. This paragraph purports to quote California Business & Professions Code § 17500. That statute speaks for itself and requires no response. To the extent a response is required, ONE Brands admits the allegations in this paragraph.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. This paragraph contains a description of what Plaintiff requests to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION

104. This cross-reference requires no response, and to the extent a response is required, ONE Brands denies the allegations in this paragraph.

105. ONE Brands admits that Plaintiff purports to bring a cause of action under California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

106. This paragraph purports to quote the CLRA, which speaks for itself and requires no response. To the extent that a response is required, ONE Brands admits the allegations in this paragraph.

107. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

108. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

109. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

110. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

### FOURTH CAUSE OF ACTION

121. This cross-reference does not require a response. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

122. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

123. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

124. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

125. Denied.

126. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

127. ONE Brands admits that Plaintiff sent a pre-suit demand letter dated November 26, 2018.

128. ONE Brands lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies them.

129. Denied.

## FIFTH CAUSE OF ACTION

130. This cross-reference requires no response, and to the extent a response is required, ONE Brands denies the allegations in this paragraph.

131. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

132. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

133. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ONE Brands denies the allegations in this paragraph.

134. Denied.

135. Denied.

## PLAINTIFF'S PRAYER

ONE Brands denies each of Plaintiff's requests for relief. No relief is warranted under the circumstances of this case.

**GENERAL DENIAL**

ONE Brands denies each and every allegation not specifically admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Discovery and investigation may reveal that one or more of the following defenses should be available to ONE Brands in this matter. ONE Brands accordingly asserts these defenses. Upon completion of discovery, if the facts warrant, ONE Brands may withdraw any of these defenses as may be appropriate. By setting forth these defenses, ONE Brands does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations. ONE Brands further reserves the right to amend this Answer and to assert additional defenses and other claims, as this matter proceeds.

Further answering, by way of additional defenses, ONE Brands states as follows:

1. The Complaint and each and every count therein fails to state a cause of action or claim upon which relief may be granted.

2. Plaintiff's claims are preempted by the National Labeling and Education Act and regulations promulgated thereto. *See, e.g.*, 21 U.S.C. § 343-1(a)(4)-(5).

3. The remedies sought by Plaintiff are expressly or impliedly preempted by federal law.

4. Plaintiff's claims are barred by the doctrine of primary jurisdiction.

5. Plaintiff's claims are barred by the First Amendment of the United States Constitution or the constitution of any applicable state to the extent they infringe upon ONE Brands' freedom of speech.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

7. The labeling attached to any ONE Bars purchased by Plaintiff or purported class members were compliant with federal law.

8. Plaintiff did not detrimentally rely on any labeling or information concerning ONE Brands or ONE Bars before allegedly purchasing ONE Bars.

9. ONE Brands did not make any material misrepresentations of fact.

10. Plaintiff lacks standing to pursue these claims and injunctive relief.

11. Plaintiff's claims for punitive damages would violate ONE Brands rights to procedural and substantive due process under the United States Constitution or the constitution of any applicable state.

12. ONE Brands hereby gives notice that it reserves the right to rely on the laws of states other than California to the extent applicable, including without limitation the laws of North Carolina or such other states whose laws might apply, and ONE Brands asserts any and all applicable defenses under the laws of those states.

## DEMAND FOR JURY TRIAL

ONE Brands hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, ONE Brands prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of ONE Brands and against Plaintiff and that the Complaint be dismissed with prejudice;
3. That ONE Brands be awarded its costs of suit incurred in the defense of this action;
4. For such other relief as this Court deems proper.

| | | |
|---|---|---|
| 1 | Dated: September 25, 2020 | Respectfully submitted, |
| 2 | | */s/ Janice P. Brown* |
| 3 | | Janice P. Brown |
| | | Suzanne K. Roten |
| 4 | | BROWN LAW GROUP |
| 5 | | 600 B Street, Suite 1650 |
| | | San Diego, CA 92101 |
| 6 | | T: (619) 330-1700 |
| 7 | | F: (619) 330-1701 |
| | | brown@brownlawgroup.com |
| 8 | | |
| 9 | | Benjamin M. Mundel (pro hac vice) |
| | | Christopher A. Eiswerth (pro hac vice) |
| 10 | | SIDLEY AUSTIN LLP |
| 11 | | 1501 K Street, NW |
| | | Washington, DC 20005 |
| 12 | | T: (202) 736-8000 |
| 13 | | F: (202) 736-8711 |
| | | bmundel@sidley.com |
| 14 | | ceiswerth@sidley.com |
| 15 | | |
| 16 | | *Attorneys for Defendant ONE Brands LLC* |